SLT:JN
F. #2015R00250/OCDETF # NYNYE-647

FILED
CLERK

2015 AUG 27 AM 11: 50

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SOCORRO CASANOVA BANUELOS,
also known as "Melisa," "Melissa,"
"Meli" and "Coco,"

███████████████████ and

FRANCISCO DE JESUS CHAPA
RODRIGUEZ,
also known as "Licen," "El Secre,"
"Sobrino" and "Paquito,"

Defendants.

- - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 15 - 430**
(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 846,
853(a), 853(p), 959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§
2, 3238 and 3551 et seq.)

WEINSTEIN, J.

ORENSTEIN, M.J.

A TRUE COPY
ATTEST
DATE 8/27 20 15
DOUGLAS C. PALMER
CLERK
BY _____ DEPUTY CLERK

THE GRAND JURY CHARGES:

COUNT ONE
(International Cocaine Distribution Conspiracy)

1. In or about and between May 2014 and August 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants SOCORRO CASANOVA BANUELOS, also known as "Melisa," "Melissa," "Meli" and "Coco," ████████████████████████████████████████████████████████████████ and FRANCISCO DE JESUS CHAPA RODRIGUEZ, also known as "Licen," "El Secre,"

"Sobrino" and "Paquito," together with others, did knowingly and intentionally conspire to distribute a controlled substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, was at least five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Distribution of Cocaine)

2. In or about and between May 2014 and December 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants SOCORRO CASANOVA BANUELOS, also known as "Melisa," "Melissa," "Meli" and "Coco," ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and FRANCISCO DE JESUS CHAPA RODRIGUEZ, also known as "Licen," "El Secre," "Sobrino" and "Paquito," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully

2

imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Possess Cocaine With Intent to Distribute)

3. In or about and between May 2014 and November 2014, both dates being approximate and inclusive, within the Southern District of Florida, the defendants SOCORRO CASANOVA BANUELOS, also known as "Melisa," "Melissa," "Meli" and "Coco," ███████████ and FRANCISCO DE JESUS CHAPA RODRIGUEZ, also known as "Licen," "El Secre," "Sobrino" and "Paquito," together with others, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, was at least five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

3

## CRIMINAL FORFEITURE ALLEGATION

4.      The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

5.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

4

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Robert Heffernan*
FOREPERSON

*Kelly T. Currie*
KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK